**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Pearla Harvey, *tribally known as Hacha Kusso, "Yuchii Kusso Mvskoki Tribe Copper-Color/Black Indians"*, <br><br> Plaintiff, <br> v. <br><br> Marshal L. Horton; Horton & Associates, LLC, <br><br> Defendants. | Case 9:24-00744-RMG <br><br><br> **ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge, recommending summary dismissal of the case. (Dkt. No. 14). Plaintiff did not object. The Court adopts the R & R as the Order of the Court and dismisses the case without prejudice and without service of process.

## I.     Background

Plaintiff, proceeding *pro se*, is a member of the Yuchii Kusso Mvskoki (YKM) Tribe and filed her Original Complaint against Defendants in this Court. (Dkt. No. 1). The case seems to involve a state court award in Jasper County and Defendant Horton's attempts in collecting that judgment on his client's behalf.

The Magistrate Judge issued an order directing Plaintiff to bring her case in proper form and notifying Plaintiff of the material deficiencies in her pleading. (Dkt. No. 8). The Magistrate Judge provided Plaintiff the opportunity to file an amended complaint. (*Id.*) Plaintiff filed an Amended Complaint and brought her case in substantially proper form. (Dkt. No. 11).

The Magistrate Judge, in her preliminary review, issued an R & R summarily dismissing Plaintiff's Amended Complaint for lack of subject matter jurisdiction. (Dkt. No. 14). Plaintiff did not object. The matter is now ripe for the Court's review.

1

## II.    Standard of Review

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).

This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## III.    Discussion

After reviewing the Amended Complaint, the Court finds that the Magistrate Judge correctly concluded that this action should be summarily dismissed for lack of subject matter jurisdiction.

Diversity jurisdiction is not present because Plaintiff did not allege any facts to indicate she or Defendants are a citizen of any state other than South Carolina.

Federal question jurisdiction does not exist because Plaintiff did not allege any facts to establish that the cited criminal statutes in the Amended Complaint create a private cause of action.

Plaintiff also did not allege or allude facts that show a constitutional violation or violation of any other law of the Untied States.

Additionally, the Court agrees with the Magistrate that this case is subject to summary dismissal to the extent Plaintiff is attempting to appeal an order of the Jasper County court. The Court agrees that Plaintiff's claims are inextricably intertwined with the state court decision and should be dismissed under the *Rooker-Feldman* doctrine.

Lastly, the Court agrees Plaintiff's case is barred by the federal Anti-Injunction Act to the extent Plaintiff is requesting this Court to stop Defendants from attempting to collect the judgment awarded in state court. The Federal Anti-Injunction Act provides that "[a] court of the Untied States may not gran an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. There are three exceptions to the Act's prohibition. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988). Plaintiff failed to allege any facts that suggest one of the exceptions to the Act's prohibition against federal-court intervention into state-court proceedings applies. Accordingly, Plaintiff's request for injunctive relief is also subject to summary dismissal.

## IV.    Conclusion

For the reasons stated above, the Court **ADOPTS** in full the Magistrate Judge's R & R (Dkt. No. 14) as the Order of the Court. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE**, without issuance of service, and without further leave to amend. Defendants' motions to dismiss (Dkt. Nos. 6 and 13) are denied as moot.

3

_s/ Richard Mark Gergel_____
Richard Mark Gergel
United States District Judge

June 17, 2024
Charleston, South Carolina